Henry B. Dorney, Respondent, *v.* Hugh O'Neill, Appellant.

*Negligence — injury to an employee from his eye coming in contact with a sharp twig projecting from a " wheeler" in a dark passageway.*

In an action to recover damages for personal injuries sustained by the plaintiff while leaving his employer's (the defendant's) store after being dismissed for the night, through a dark and narrow passageway, in consequence of his eye coming in contact with a sharp twig projecting from a "wheeler" containing rubbish which had been left standing in the passageway, there was evidence

tending to show that the plaintiff had never seen the "wheelers" in that part of the passageway where he was injured, and that he did not know that it was customary for rubbish to be placed in the "wheelers" every evening; that the darkness of the passageway was not unusual, but resulted from the fact that the employee in charge of the lights extinguished them when the signal was given to dismiss the employees, and before they had time to traverse the passageway on their way out of the building, and that the rules of the establishment forbade the employees to bring matches into the building under pain of dismissal.

*Held,* that a verdict in favor of the plaintiff should be sustained.

VAN BRUNT, P. J., and RUMSEY, J., dissented.

APPEAL by the defendant, Hugh O'Neill, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of May, 1900, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 21st day of May, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Eugene Lamb Richards, Jr.,* for the appellant.

*Charles Steckler,* for the respondent.

O'BRIEN, J.:

The action was brought to recover for personal injuries sustained by the plaintiff while passing through a dark and narrow passageway in the delivery department of the store of the defendant, his employer, on the evening of November 25, 1895. There have been two appeals; one in this court (34 App. Div. 497), when a judgment in plaintiff's favor was reversed; and the other in the second department (49 App. Div. 8), when there was a reversal of a judgment dismissing the complaint. This obviates the necessity of giving a general statement of the facts. As appears from the opinion of the second department and from the record before us the evidence given upon the last two trials differs essentially from that given upon the first trial.

Upon the first appeal to this court it was held that as the plaintiff knew that the "wheelers" were generally left standing in the passageway through which he regularly passed, he assumed the risk incident to their presence and that a recovery could not be had when it appeared that for some unexplained reason the electric lights, which were usually lit, had gone out, there being no evidence that

the extinguishment of the lights was the fault of the master.    Upon this appeal it appears that although the plaintiff knew there were "wheelers" used for delivery, which during the three weeks of his employment in the delivery department he had seen standing in a certain part of the passageway in the daytime, he denied that he had ever seen the "wheelers" at that part of the hall where he was injured, or ever knew that every evening the "wheelers" contained debris consisting of rubbish, paper, boards and sharp twigs; it being the contact with a sharp twig which caused the injury to his eye. And further, the present record shows that the extinguishment of certain lights in the passageway, which caused the darkness and contributed to the accident, was neither unusual nor unexplained, it appearing that the person in charge of such lights extinguished them when the signal was given to dismiss the employees and before they had time to traverse the hall on their way out of the building.

The most serious question in the case is, whether the act of turning off the lights was one to be attributed to the master, or was the negligence of a co-servant or co-employee.    Upon this, however, as upon the other questions raised, we think that what was said in 49 Appellate Division, 10, must be regarded as the law of this case.    As therein said:    "The rules of the establishment were read in evidence from which it appears that the bringing of matches into the building by employees was prohibited under pain of dismissal.    The rules further required employees to remain in their respective places until the bell rings for dismissal, and it was satisfactorily established that each night during all the time plaintiff was employed, one of the defendant's employees named Rohlfs, to whom that duty was apparently delegated, turned out the lights either at the time of or shortly before the ringing of the dismissal bell, so that the plaintiff on every occasion was obliged to pass through the hallway in question in darkness.    The duty of the master is not only to furnish his employee with a reasonably safe place to work in, and reasonably safe access and egress to and from the premises, but also, 'having control of the times, places and conditions under which the servant is required to labor, to guard him against probable danger in all cases in which that may be done by the exercise of reasonable caution.' (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280, 287.)    It cannot be said as matter of law that this duty has been discharged by furnish-

ing a hallway through which the servant must pass at night and in the dark, and in which the master has caused to be placed material of such a character that involuntary contact may cause injuries as serious as that which the plaintiff has sustained. Nor can it be said that the servant, under the circumstances now presented by the record, assumes as matter of law, the risk incident to the existence of such a hidden menace. Even if he may be held to have assumed the risk of passing through the hall in the dark, so far as darkness may involve risk in view of the condition of the hallway as known to him, yet he cannot be held to have assumed the risk of other dangers not disclosed and of which there was nothing in the nature either of his employment or his surroundings to give him warning."

We think, therefore, following the decision in the second department, that the judgment should be affirmed, with costs.

PATTERSON and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., and RUMSEY, J., dissented.

VAN BRUNT, P. J. (dissenting):

The defendant in this case was not personally negligent, the evidence showing that he had furnished a proper system of lighting and established rules, which, if followed, would have kept the passageways sufficiently lighted to have enabled his employees to go out safely. There is no evidence that the defendant knew that it was the custom of certain of his employees to turn out these lights before the others had gone safely through the hallway and out of the building, and I fail to find any good ground for holding him liable. The negligence based upon the extinguishment of the lights was clearly that of fellow-servants for which the defendant is not liable. (*Hall* v. *United States Radiator Co.*, 52 App. Div. 90.)

Nor do I think the presence of the "wheelers" filled with rubbish in the passageway was of itself either dangerous or negligent. That appeared to be a necessary and reasonable way of conducting the defendant's business. But even if it could be held that the place was unsuited to such use, there is nothing to show that the defendant directed them to be placed there, or directed the loading of the "wheelers" with the sweepings and rubbish. This was done by persons who likewise were co-employees with the plaintiff;

so that upon this branch of the case also I think the negligence, if any, was that of a co-servant.

Upon this appeal the testimony seems to be fuller in showing the conditions under which the lights were extinguished and the reason for the presence of the " wheelers " in the passageway ; and hence I do not think the decision on the former appeal (49 App. Div. 8) is absolutely binding or conclusive. As my conclusion, therefore, is that there was no sufficient proof of the defendant's negligence, but that the negligence, if any, was that of co-employees, I think that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

RUMSEY, J., concurred.

Judgment and order affirmed, with costs.