PATRICK v. ATLAS KNITTING CO. et al. (No. 245/90.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.)

MASTER AND SERVANT (§ 114*)—INJURIES TO SERVANT—NEGLIGENCE—SAFE ACCESS TO AND EGRESS FROM PLANT.

Defendant company owned and operated a plant which was surrounded on the east and west by private property, on the south by a river, and on the north by the tracks and right of way of a railroad company. There were no means of getting to or from the property except by crossing the tracks, over which the defendant had no right of way to any public thoroughfare; nor was there any walk or path leading from a highway to the plant. Fences had been erected on both sides of the railroad property, and the defendant had built a cement walk from its main entrance to the factory, through an opening in its fence, to the railroad property; but no watchman was maintained to warn employés crossing the tracks of the approach of trains. At night, after the lights had been lighted in the mill, plaintiff's intestate, having finished his work, started home, and as he got on the railroad tracks he was killed by a passing train. Held, that defendant knitting company was not only required to furnish its employés a safe place to work, but a safe way to and from its plant, and its failure to do so was negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 179, 200; Dec. Dig. § 114.*]

Appeal from Trial Term, Schenectady County.

Action by Anthony Patrick, as administrator of Joseph Vilkus, deceased, against the Atlas Knitting Company and another. From a judgment of nonsuit as against the defendant named, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Leary & Fullerton, of Saratoga Springs (James A. Leary, of Saratoga Springs, of counsel), for appellant.

Edgar T. Brackett, of Saratoga Springs (Luther A. Wait, of Hudson Falls, of counsel), for respondent.

HOWARD, J. This is an appeal from a judgment of nonsuit. The action was brought against the Atlas Knitting Company and the New York Central & Hudson River Railroad. The Atlas Knitting Company owned and operated a manufacturing plant at Amsterdam, N. Y. At the time of the accident in question, the company was employing about 198 people. The property of the Atlas Knitting Company was surrounded on the east and west by private property, on the south by the Mohawk river, and on the north by the tracks and right of way of the New York Central Railroad. The Atlas Company had no right of way from any public thoroughfare to its plant. There was no way of access to or egress from the company's property except across the New York Central tracks. Four times a day the 198 employés of the company were obliged to cross these tracks. At the point where the employés cross there was no path of any description; nothing but the ties and rails and roadbed. There had been in previous times some pretense at a path. But, however that may be, the Atlas Company dis-

claims that it has any right of way over the tracks of the railroad company, and disclaims any right or duty to maintain any path over the railroad. One of the streets of the city of Amsterdam runs parallel to the New York Central tracks, just north of the tracks. The railroad people maintained a fence along the northerly side of its tracks, and it maintained an opening, with a gate, just opposite the main door of the Atlas Company's plant. The Atlas Company also maintained a fence on the boundary line between its property and the property of the railroad. Opposite the main entrance to its plant 'there was an opening in this fence. The Atlas Company had constructed, and it maintained, a cement walk from its main entrance north through the opening in its fence to the property of the railroad. All its employés were obliged to cross to and fro over the tracks of the railroad and over this cement walk in going to and from the company's plant. They were invited by the company to travel this route—there was no other route for them to travel. The company maintained no watchman at the point where its employés stepped off the cement walk onto the railroad tracks to warn the employés of the approach of trains. On the night of October 8, 1912, at about a quarter past 6 in the evening, after the lights were lit in the mill, the plaintiff's intestate, having finished his work, started to go home. He left the mill by the main door, approached the railroad track, was hit by a passing train, and was killed.

The nonsuit was granted upon the theory that the Atlas Knitting Company was not guilty of negligence. No other question was considered below; we shall consider none other here. The trial court stated that the man's death was not due to any improper construction of the walk, and the trial judge seemed to assume that unless there was an improper construction of the walk, or unless the walk was improperly maintained, the Atlas Company could not be held liable. In this view of the law, we believe the trial judge to have been in error. The Atlas Company built and maintained its mill in a position where it had no lawful way of access to its plant. It knew that its employés must necessarily travel to and fro across the New York Central tracks, where swift trains were running, and where there was no path, no protection, no gates, no watchman. It recognized that the condition of the path was dangerous, for it had previously protested to the railroad about the condition of the walk. Its employés proceeded across these tracks under conditions of no greater safety than as though they had been crossing of their own accord at any other point of the railroad. The employés of the company were compelled to cross this railroad under these conditions every morning in order to get to their work; and every evening this stream of 198 employés was poured out upon the New York Central tracks without protection or warning of any kind. If the Atlas Company was negligent at all, it was negligent, not because it failed to maintain the path in good condition, but because it had located and was maintaining its plant in a position where its employés must hazard the danger of crossing the railroad without any watchman, gate, or protection of any kind. Having located its factory in a position so that the employés were compelled to cross the

railroad track, a duty was imposed upon the defendant to exercise reasonable care for their safety.

It is the duty of the master to furnish his employés with a safe place to work and with safe access to and egress from its plant. Dorney v. O'Neill, 49 App. Div. 8, 63 N. Y. Supp. 107. It is the settled law that the master must furnish a safe egress from his factory—egress to what? To a known place of danger? Not so; to a place of safety. It will not answer for the master to turn his employés out at twilight upon the tracks of the most used railroad in the United States, where the swiftest trains in the world are constantly passing and repassing. This does not comply with the law. An egress cannot be safe unless it terminates in a place of safety. If a master has been careless or unwise enough to construct his plant in a place where he cannot furnish an egress which terminates in a place of safety, then he has not discharged his duty towards his employés. We do not think it can be said as a matter of law that a master who furnishes a few feet of cement walk from its plant, terminating on the track of a railroad over which many swiftly moving trains are passing, has furnished a safe way to and from his factory. Under the circumstances disclosed here, we believe it to have been the duty of the Atlas Company to have furnished its employés a safe way to and from the public highway. As to whether the way which it did furnish, from the highway to its plant and from its plant back again to the highway, was safe or otherwise, was a question of fact, we believe, which should have been submitted to the jury.

Therefore we conclude that the judgment of nonsuit should be reversed, and a new trial granted. All concur.