SARAH E. WELLS, Appellant, *v.* C. A. AGAR & COMPANY, Respondent.

Second Department, January 26, 1917.

Master and servant — negligence — injury by fall caused by a handle of truck extending into passageway — Labor Law construed — dangerous obstruction — defects in ways, works and machinery.

The handle of a hand truck which was allowed for three hours to project into the aisle of a lighted passageway, with the result that the plaintiff tripped over the handle and was injured, was not a dangerous obstruction, nor a defect in the master's ways, works, machinery and plant within the meaning of the Labor Law.

To be a "defect" the foreign object must have other connection with the way than merely being left in dangerous proximity thereto.

THOMAS, J., dissented, with opinion.

APPEAL by the plaintiff, Sarah E. Wells, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 25th day of May, 1916, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Frederick S. Martyn*, for the appellant.

*James A. Nooney* [*James F. Mahan* with him on the brief], for the respondent.

PUTNAM, J.:

This action was for personal injuries from falling over the handle of a truck on March 13, 1914, at about eleven A. M. No question is made as to lighting the passageway. Plaintiff's notice under the Labor Law* stated that "I was caused to trip and fall over the handle of a certain hand truck which you had negligently and unlawfully placed or permitted to stand in said passageway so that the same constituted a dangerous and unlawful obstruction, and a defect in your ways, works, machinery and plant, and a dangerous place in which to work." This truck handle had projected out into the aisle for three hours. Such an obstruction, though temporary, the statute has not put on a parity with the changed condition by which a way is made slippery by snow, ice or mud. Under recognized precedents this truck handle is but an obstruction temporarily encroaching on the passageway; like the piece of casting which had fallen from the metal stack out into the roadway in *McGiffin* v. *Palmer's Shipbuilding & Iron Co.* (L. R. [1882] 10 Q. B. Div. 5). We are referred to no case since that has held a mere obstruction, negligently placed, a defect in the way or in its condition. So of a large stone temporarily placed on a building staging (*Carroll* v. *Willcutt*, 163 Mass. 221), or the act of leaving temporarily uncovered a well hole in a way. (*Willetts* v. *Watt & Co.*, L. R. [1892] 2 Q. B. Div. 92.) How would we treat a box car left standing on a railroad track? (See *Kansas City, Memphis & Birmingham R. Co.* v. *Burton*, 97 Ala. 240.) To be a "defect," I think the foreign object must

---

* See Consol. Laws, chap. 31 (Laws of 1909, chap. 36), art. 14, as amd. by Laws of 1910, chap. 352.— [REP.

have other connection with the way than merely being left in dangerous proximity thereto. Heretofore these cases have fallen under the exception of temporary and transitory risks; not in the ways as such, but arising from a negligent use. (See, as to this class of obstructions, Alger & Slater Emp. Liability, § 14; 5 Labatt Mast. & Serv. [2d ed.] 5181.)

Considering the accepted construction of the word "defect" in England in 1882, and in Massachusetts in 1887, it may fairly be taken as what the New York Legislature intended by its enactment in 1902. (Laws of 1902, chap. 600; now Labor Law, art. 14, as amd. *supra.*) Furthermore, the word "defect" has no such wide import in other uses of the term. Hence, I am not prepared to broaden the statute in a manner which to me looks like legislation and not interpretation.

I advise that the judgment of dismissal be affirmed, with costs.

JENKS, P. J., and STAPLETON, J., concurred; THOMAS, J., read for reversal; CARR, J., not voting.

THOMAS, J. (dissenting):

This action for personal injuries was dismissed. The plaintiff had been four days in the defendant's employ, and for the purpose of going to the women's room she sought to pass from a smaller aisle into the main aisle, when she tripped over the handle of a hand truck, which lay in the main aisle close to a table, from which its handle projected about a yard, and a few inches above the floor. Her notice of claim states the event and that there was a defect in the ways, works, machinery and plant, and that it was a dangerous place in which to work. The accident happened between eleven and half-past eleven in the morning, and there was evidence that the handle had been in the position stated since eight-thirty in the morning. It is urged that there is no defect in the "condition of the ways, works, machinery, or plant." The defendant's proposition is that a defect in the condition of a way must be something defective in the material out of which it is constructed, or in the structure of it, or in the maintenance of its very components, or in matter similarly related. Accordingly, if a mas-

ter make a way that is entirely suitable and safe except that he permits obstructions, or combustibles, or inflammable matter to be scattered over it whereby a servant is thrown or burned, there is no defect in the condition of the way. There is support for that in *McGiffin* v. *Palmer's Shipbuilding & Iron Co.* (L. R. 10 Q. B. Div. 5, 9), where it was considered that a defect in the condition of a way refers to something affecting the "power and quality of the subject to which the word 'condition' is applied," so as to interfere with the use, as if it be made muddy or slippery by ice. In that case the servant was injured in a way, where some one had put or left a material used for the lining of furnaces. It was decided that there was an obstruction of way, but not a defect in it. Field, J., said that if the master leave a bucket on a dark night in a dark passage it would not be a defect in a way, but an obstruction. Stephen, J., said: "I do not think we ought to put so wide a construction on the words 'condition of the way' as to include obstacles lying upon the way, which obstacles do not in any degree alter the powers of the way or alter its fitness for the purpose for which it is generally employed, and cannot be said to be incorporated with it. It seems to me, therefore, that the presence of this piece of tap on the road cannot be called a defect in the condition of the way." The subject was discussed but not decided in *New York, N. H. & H. R. Co.* v. *O'Leary* (93 Fed. Rep. 737), where a rope was stretched across the tracks of a railroad. In *Dorney* v. *O'Neill* (60 App. Div. 19; affd., 172 N. Y. 595) it appeared that the plaintiff, employed in a store, in passing through a dark passage where defendant had a basket on wheels, was struck by projecting contents. There the element of light was present; but light is not an integral part of a way. In the prevailing opinion, O'Brien, J., wrote: "It cannot be said as matter of law that this duty has been discharged by furnishing a hallway through which the servant must pass at night and in the dark, and in which the master has caused to be placed material of such a character that involuntary contact may cause injuries as serious as that which the plaintiff has sustained." If the thought obtaining in the *McGiffin* case be carried through the Labor Law, no obstructive and injurious foreign substance in

or on the works, machinery or plant may be deemed a defect, if the thing itself be physically intact. So according to the same conception, stairways, landings or platforms would not be defective in condition if unrelated material were allowed to be or to collect thereon, causing a fall or misstep, or if it fall, or be deposited, on a machine, or, coming in the way of a moving belt, be thrown so as to do harm. If muddy water or ice on a floor be a defect, so should be tools, utensils, stones, sticks, timbers or other foreign bodies thereon. One causes a person walking to fall by slipping, the other by stumbling. In either case the way is so deteriorated or wrecked as to afford unsafe passage. The statute requires an adequate place for the servant to walk. It becomes deficient by the impediment, and it is immaterial whether the hindrance is a break in the surface, an upturned board, a log of wood or a cart handle. My chief aim is to preserve the statute from an interpretation that permits ways, works or machinery to become functionless by imported substances that obstruct, clog, interrupt normal conditions, and thereby injure the servant, may be by entangling or tripping his feet. There is another phase of the matter, and that is whether the importation of the foreign substance affects the master's liability in the same degree as would a failure to initiate a proper way or to maintain it. That is, in my judgment, the true question to be determined. That presents the inquiry whether, under the master's duty to maintain an unincumbered way, the presence of the injurious thing should have challenged the master's inspection and consequent corrective action. The law of the case as proposed by the trial court is that the cart handle protruding into a passage is consistent with the master's duty, and that it does not exact removal. But that question in the first instance is for the jury. It may not be decided that the plaintiff was *per se* negligent, if for no other reason at least for this, that the cart handle was concealed in part by the signs on the table.

The judgment should be reversed and a new trial granted, costs to abide the event.

Judgment affirmed, with costs.