MARY ZERDER, Plaintiff, v. FRIMAN HOLDING Co., INC., and Another, Defendants.

Supreme Court, Bronx County, August 14, 1934.

*I. Irving Erdheim*, for the plaintiff.

*Emil Levin* [*Morris M. Goldknopf* of counsel], for the defendant Friman Holding Co., Inc.

HOFSTADTER, J. The complaint charges the defendant Friman Holding Co., Inc., as owner of certain premises, with negligence in the hiring of painters to work in the plaintiff's apartment, and that by reason of the defendant's failure to exercise due care in employing honest servants the plaintiff was damaged by having certain property stolen without any negligence on her part. It is axiomatic that on a motion of this nature the complaint is given the benefit of every favorable inference to be drawn from the facts pleaded and that for the purposes of the motion the truth of all the facts alleged is admitted. The case of *Livingston* v. *Gennert* (165 N. Y. Supp. 989) holds on similar facts that a landlord is bound to exercise reasonable care in employing a person in a position where he would have opportunity for theft. In *Hall* v. *Smathers* (240 N. Y. 486) a complaint charging a landlord with negligence in retaining in his employ a janitor with knowledge of his violent disposition and vicious habits was held to state a cause of action. While it is true that there can be no actionable negligence in the

absence of a legal duty to the plaintiff which has been neglected or violated (*Gambon* v. *City of New York*, 151 Misc. 201), the cases cited are ample authority for the existence of a duty on the part of the owner of premises to exercise reasonable care in the employment of servants with respect to their honesty. The case of *Witmark & Sons* v. *Hall-Berwin Corporation* (223 N. Y. 576) is distinguishable. The defendant is not being charged with the willful acts of its servants, but with its own failure to exercise due care in their selection. Motion denied.