**Michael DANGOVICH, Plaintiff-Appellant,**

v.

**ISTHMIAN LINES, INC., Defendant-Appellee.**

**No. 267, Docket 28302.**

United States Court of Appeals Second Circuit.

Argued Jan. 15, 1964.

Decided Feb. 3, 1964.

Donald D. Olman, New York City (Jacob Rassner, New York City, on the brief), for plaintiff-appellant.

Robert P. Hart, New York City (Kirlin, Campbell & Keating and Ralph C. Kreimer, New York City, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and SWAN and SMITH, Circuit Judges.

PER CURIAM.

Michael Dangovich appeals from a judgment of the United States District Court for the Southern District of New York which dismissed his complaint brought against Isthmian Lines, Inc. under the provisions of the Jones Act, 46 U.S.C. § 688, in which he sought to recover damages for personal injuries allegedly sustained as the result of the defendant's negligence. Finding no error in the decision of the district court, we affirm that court's judgment.

The facts are essentially undisputed. Dangovich was employed as an oiler aboard Isthmian's vessel S.S. Steel Seafarer. On November 24, 1960, while the vessel was moored in Khorramshahr, Iran, Dangovich desired to go ashore to a seamen's club. Never having been in Khorramshahr previously, he sought advice from his colleagues as to the quickest route to the town. One crew member

advised him to take a railroad trestle quite near the boat. Although the actions of the third mate, an officer of the vessel, are left somewhat unclear by the testimony, at most the third mate concurred in this advice and indicated the bridge, stating "There it is."

At about 5:30 P.M. Dangovich went ashore, traversing the railroad trestle. After several hours in Khorramshahr and the neighboring town of Abadan, he returned via a taxi, which left him a short distance from the trestle. After proceeding some 35 feet along the catwalk which led to the trestle, Dangovich stepped on some pebbles and fell off the catwalk into a ravine below. The trial judge found that the catwalk was narrow and unguarded.

The appellant predicates his claim on the proposition that an officer of the vessel, the third mate, in the course of his employment instructed the appellant negligently as to a means of egress from the ship and that in consequence the negligence of the mate is attributable to the owners of the vessel.

We find it unnecessary to decide whether the acts of the third mate are attributable to the defendant, for we can find no support for the appellant's charge of negligent conduct on the part of the third mate. Viewed in the light most favorable to the appellant, the testimony established merely that the mate advised the appellant as to the quickest route to Khorramshahr. No evidence was adduced to indicate that the mate knew or had reason to know of the condition of the trestle. Dangovich was apparently aware that at least one other road led away from the dock, although he did not know the destination to which it led. Moreover, the condition of the trestle was readily apparent to all who chose to use it. In any event there was no evidence that the trestle was dangerous for ordinary use.

The judgment of the district court is accordingly affirmed.