JOHN LINDGREN, Appellant, v. TUGBOAT DALZELLABLE, INC., et al., Respondents.— In an action to recover damages for personal injury, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered June 7, 1965 in favor of defendants, upon the court's dismissal of the complaint and the cross complaint of the "Dalzell" defendants at the close of plaintiff's case. Judgment reversed, on the law and the facts, and a new trial granted as against all defendants, with costs to appellant to abide the event. In our opinion, the evidence offered by plaintiff was sufficient to establish prima facie a common-law cause of action in negligence. An employer has a common-law duty to use ordinary care to furnish his employees with a reasonably safe place to work. This duty, long recognized by the admiralty courts, is not restricted to the exact situs of the labor but extends to the exercise of reasonable care to see that the means of ingress and egress and ways customarily used by the employee in passing from one part of the premises to another in the course of his employment are reasonably safe (*Atlantic Transport Co. of West Virginia* v. *Imbrovek*, 234 U. S. 52; *Maher* v. *Atlantic Stevedoring Co.*, 190 App. Div. 630; see 36 N. Y. Jur., Master & Servant, § 95, p. 525). The duty extends even to areas over which the employer has no control (*Matter of Ross* v. *Howieson*, 232 N. Y. 604). Here, the evidence offered by plaintiff was sufficient to raise a question of fact regarding the safety of the various means of ingress and egress connecting the dock with the public thoroughfare. This question should have been submitted to the jury. Christ, Brennan, Hill and Hopkins, JJ.,

concur; Ughetta, Acting P. J., dissents and votes to affirm the judgment, with the following memorandum: The substantive rights and obligations of the parties to this suit are measured by the maritime law, not the common law of this State (*Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372, 383; *Aho* v. *Jacobsen*, 249 F. 2d 309, 311; *Maher* v. *Atlantic Stevedoring Co.*, 199 App. Div. 630, 635; *Kennedy* v. *Cunard S. S. Co.*, 197 App. Div. 459, 467, affd. 235 N. Y. 604). Under the maritime law, the shipowner is under no duty to provide safe means of access or egress beyond the gangway to seamen on shore leave (*Dangovich* v. *Isthmian Lines*, 218 F. Supp. 235, 237 [and cases cited therein], affd. 327 F. 2d 355). *Atlantic Transport Co. of West Virginia* v. *Imbrovek* (234 U. S. 52) and *Maher* v. *Atlantic Stevedoring Co.* (*supra*), cited by the majority, are obviously not to the contrary, since both involved injuries to stevedores working in the hold of the ship. *Matter of Ross* v. *Howieson* (232 N. Y. 604), a workmen's compensation case unconnected with the maritime law, is inapposite in a suit based upon a concept of fault. The judgment appealed from should be affirmed.