Karin S. QUAM, Individually and as Prospective Executrix of the Estate of Howard Quam, Deceased, Plaintiff,

v.

MOBIL OIL CORPORATION, Defendant and Third-Party Plaintiff,

v.

PERTH AMBOY DRY DOCK CO., Third-Party Defendant and Third-Party Plaintiff,

v.

INTERSTATE INDUSTRIAL PROTEC-TION INC., Fourth-Party Defendant.

76 Civ. 3035 (RWS).

United States District Court, S. D. New York.

July 23, 1978.

Wilbur E. Dow, Jr., Lake George, N. Y., for plaintiff.

William P. Kardaras, Bigham, Englar, Jones & Houston, New York City, for Mobil Oil Corp.

Stanley W. Zawacki, Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for Perth Amboy Dry Dock Co.

Thomas M. McCaffrey, Healey, Stonebridge & McCaffrey, New York City, for Interstate Industrial Protection Inc.

SWEET, District Judge:

The history of the pleadings and claims of the plaintiff, widow of the deceased seaman, first assistant engineer of the *Mobil Chicago*, is as follows. The plaintiff sued Mobil Oil Corporation, owner of *Mobil Chicago*, pursuant to the Jones Act and in admiralty. Mobil then impleaded the dock, Perth Amboy Dock Co., asserting admiralty jurisdiction based upon a maritime contract. Perth then impleaded Interstate Industrial Protection Co. Inc., its security guard service, seeking indemnity for any liability it had to Mobil. At the close of discovery, Mobil made a motion to amend the complaint to allege an admiralty claim against Perth Amboy and Interstate on behalf of the plaintiff pursuant to Rule 14(c) of the Federal Rules of Civil Procedure. Such motion was joined in by the plaintiff in the pre-trial order and was granted by this Court on the eve of trial.

The plaintiff's evidence, in the light most favorable to the plaintiff, has established that Mr. Quam, plaintiff's husband, was employed by Mobil on the ship; that the ship was at the Perth Amboy dockyard on May 3, 1976; that on that date Quam went ashore and made two phone calls to his wife, one at 5:50 p. m. and a second at approximately 7:30 p. m.; that he told his wife he was returning to the ship; that his body was found the following day in the water some distance from the location of the dock where his ship was moored; and that his wrist watch and wallet were found in his room on board the vessel. Mrs. Quam testified that her husband customarily wore his watch even at work. The plaintiff also introduced photographs of the pier taken approximately a year and five months after the accident, as well as testimony by the yard supervisor of defendant Perth Amboy that the conditions a year ago were similar to those in 1976. Based on those photographs and his September 1977 visit, plaintiff's expert testified as to certain unsafe conditions on the pier, and the crane barge situated in the water, to which *Mobil Chicago* was moored at the time of the accident. There was testimony that access to the ship consisted of a gangway from the pier to the crane barge which was the dock's property and from the crane barge to the ship.

Motions to dismiss have been made on behalf of all the defendants. I will treat each claim against each defendant separately.

### Plaintiff's claim against Interstate

Plaintiff's evidence makes no reference whatsoever to Interstate. Plaintiff has failed to establish any duty on the part of Interstate *vis-a-vis* the plaintiff or the breach of any duty to the plaintiff. Therefore, plaintiff's admiralty claim directed against Interstate must be dismissed.

### Plaintiff's claim against Perth Amboy

Plaintiff by the amended complaint has a claim in admiralty against Perth Amboy. Perth Amboy is the owner of both the dock and the crane barge. The claim differs depending upon the place where the alleged accident occurred.

*The dock:* There is no cause of action in admiralty with respect to any accident alleged to have occurred on the dock,

since any injury resulting from the condition of the dock is deemed to have occurred on land, and in that I rely upon *Wiper v. Great Lakes Engineering*, 1965 AMC 2509, 340 F.2d 727 (6 Cir., 1965), *cert. den.* 382 U.S. 812, 86 S.Ct. 28, 15 L.Ed.2d 60, which counsel have cited. Therefore, the admiralty claim by the plaintiff against Perth Amboy with respect to the dock must be dismissed.

However, on my own motion I will conform the pleadings to the evidence pursuant to Rule 15(b) of the Federal Rules of Civil Procedure. Therefore, as to the dock, plaintiff has sufficiently alleged a common law negligence action, based upon state law, against Perth Amboy. Under the principles of the pendent jurisdiction this action is within the jurisdictional province of this court. Such cause of action is treated in all respects as if it had been raised in the pleadings; therefore it is considered to relate back to the original claim against Perth Amboy. However, the original claim against Perth Amboy by the plaintiff was not made until June 26, 1978, upon motion of defendant Mobil Oil to amend the complaint. It is the opinion of this Court that, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, the amended complaint related back to the original pleadings in this action. Therefore, the common law negligence claim also relates back to the original pleadings and is not time-barred by the statute of limitations, as urged by Perth Amboy.

*The barge:* Plaintiff has a claim in admiralty against Perth Amboy for any accident alleged to have occurred on the crane barge or its gangplanks. This negligence claim is in admiralty, since the barge and the gangplanks were in or floating on navigable water.

Although plaintiff has these claims against Perth Amboy, for the reasons set forth below, both must be dismissed from this action.

The plaintiff has the burden of proving her case. From the facts considered in the light most favorable to the plaintiff, there is sufficient evidence for the jury to conclude that Perth Amboy was negligent. However, assuming for the purpose of this motion that negligent conditions existed, there is no evidence upon which the jury could conclude that such negligence was the proximate cause of the injury.

Mr. Quam's body was not found where the plaintiff alleges the accident occurred. Mrs. Quam testified that during her telephone conversation with Mr. Quam he stated he was returning to the ship. There is no direct evidence that Mr. Quam actually did return to the ship. Even assuming he did head back to the ship, there is no evidence that Mr. Quam fell from Perth Amboy's docks, gangplanks, or crane barge. There is no evidence before this Court, other than that with respect to Mr. Quam's watch and wallet, with which I will deal in a moment, that Mr. Quam even made it as far as Perth Amboy's dockyard at the pier.

Furthermore, if there was sufficient evidence for the jury to conclude that Mr. Quam fell from the dock, gangplank or barge, plaintiff has made no showing that any act or omission of Perth Amboy played a substantial part in bringing about the fall. The mere fact that these places were in a dangerous condition is insufficient to infer that such was a substantial factor in the cause of the injury.

Therefore, to find Perth Amboy liable the jury would have to speculate that Mr. Quam headed back to the ship, that he fell from the dock, gangplank or barge, and that such fall was substantially caused by some negligent condition thereon. The evidence here presents no more than a choice of probabilities upon which the jury would be speculating. Such speculation will not be permitted. And in that regard I rely upon *Armstrong v. Commerce Tankers*, 1970 AMC 1815, 311 F.Supp. 1236 (D.C.) *aff'd* 1970 AMC 688, 423 F.2d 957 (2 Cir., 1969), *cert. den.* 400 U.S. 833, 91 S.Ct. 67, 27 L.Ed.2d 65, 1971 AMC 816.

Now, with respect to the watch and the wallet, plaintiff's testimony that Mr. Quam never goes out without his watch and wallet could be said to raise an inference that

he returned to the ship. This inference would necessitate a finding that Mr. Quam made it back to the ship. There would be no liability on the part of Perth Amboy for anything occurring on the ship. To assume that Mr. Quam returned to the ship, dropped off his wallet and watch, and then left again would be engaging in speculation far beyond that which will be allowed by this Court.

Based on the foregoing, the claims against Perth Amboy must be dismissed.

### The plaintiff's claim against Mobil

■ Plaintiff has an admiralty claim for unseaworthiness and a Jones Act claim for negligence against Mobil. Since Mr. Quam was off the ship for his own purposes and not during the course of his employment, the ship's duty to him would extend only as far as the dock. *Wheeler v. West India S.S. Co.,* 1952 AMC 148, 103 F.Supp. 631, *aff'd* 1953 AMC 1240, 205 F.2d 354 (2 Cir., 1953), *cert. den.* 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393, 1954 AMC 182 and *Dangovich v. Isthmian Lines, Inc.,* 1963 AMC 1307, 218 F.Supp. 235, *aff'd* 1964 AMC 629, 327 F.2d 355 (2 Cir., 1963). However, even if the duty of Mobil extended on to the dock, for the reasons set forth above there is insufficient evidence upon which the jury could conclude that Mr. Quam fell from the dock, gangplanks or barge. For the purpose of this analysis, however, it is assumed that the ship's duty did extend to the gangway, to the crane barge, the passage over the crane barge, and the gangway to the dock, and that the plaintiff has introduced evidence from which the jury could conclude that there was negligence in the failure to have handholds on the barge.

■ Based upon the testimony with respect to Mr. Quam's wallet and watch, there may have been sufficient evidence for the jury to conclude that Mr. Quam returned to the ship and was on the ship when he fell. However, plaintiff has set forth no facts establishing an unseaworthy or negligent condition of the ship itself. Furthermore, even assuming the jury could find that plaintiff was on the gangplanks or the barge when he fell, there is no evidence to establish that such fall was in any way caused by the negligence of Mobil. The Jones Act standard of causation, which this Court must apply with respect to Mobil, requires that whenever it appears, from a preponderance of the evidence in the case, that the act or omission played any part, no matter how small, in bringing about the injury the plaintiff is entitled to recover. For the jury to find that any alleged negligent condition of the barge or gangplanks contributed to Mr. Quam's fall, it would have to engage in speculation and conjecture. The mere fact that an accident happened, standing alone, does not permit the jury to draw an inference that the accident was in any way caused by negligence. *Black v. Penn Central Company,* 507 F.2d 269 (6 Cir., 1974).

In sum, to allow the plaintiff to recover against Mobil, the jury would have to speculate that Mr. Quam headed back to the ship, fell from the barge or gangplanks, which is the only thing for which the ship would be responsible and which may have been in a negligent condition and that such fall was in some way contributed to by the condition of the barge. Such a verdict in favor of the plaintiff would constitute speculation and not inference from any probative evidence.

Plaintiff has failed to set forth the elements of a *prima facie* case which would allow her to present her action to the jury. Accordingly, this final aspect of her cause of action must also be dismissed.

I have given careful consideration to the decision of the Supreme Court in *Schulz v. Pennsylvania Railroad Co.,* 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668, 1956 AMC 737 (1956) and its admonition that in the Jones Act action the jury should be permitted to determine negligence and causality by inference. If possible, in the interests of final disposition and complete review, it would be desirable to have this case go to the jury if under any theory the plaintiff has established evidence that the negligence of Mobil with respect to the barge and gangplanks is in any part responsible for

Mr. Quam's death. On this record at this time at least two conflicting inferences could be drawn: (1) that, as he told his wife, Quam was going back to the ship around 7:30, that he headed back and did not make it and (2) that he returned to the ship as evidenced by the presence of his wallet and wrist watch in his room. The assertion that he would not be able to cross over the barge, as he had presumably done once before successfully in order to make the earlier call is countered by the inference that he arrived safely at least at one time. To invite the jury to choose between these inferences on this record would require speculation, not inference, that any part of Mobil's assumed negligence caused Quam's death.

This situation is unlike the one existing in *Schulz.* The seaman reported he was going to the tugboats and changed his work clothes and proceeded with his duties. He was last seen in the direction of the tugboats. His street clothes were found in the engine room in one of the tugs, and his lunch package was there. Furthermore, plaintiff was required to be on the tugs to perform his duty. There was no question as to his presence on the tugboats. The only question was as to whether any condition on the boats caused the plaintiff's death. However, in this instance there is no evidence to place the plaintiff anywhere but at the phone booth on the pier and possibly on the ship. Therefore, I must grant the defendant's motion to dismiss the case at the close of the plaintiff's evidence for failure to establish a *prima facie* case and it is so ordered.