OPINION OF THE COURT
Ira Gammerman, J.
Plaintiff, a seaman, instituted this action pursuant to the Jones Act (US Code, tit 46, § 688) to recover damages from an injury allegedly caused by the negligence of defendant (his employer-shipowner) or by defendant’s agents. Defendant moves for summary judgment dismissing the complaint.
Plaintiff claims the following:
On May 23, 1978, between 6:30 and 7:00 p.m., plaintiff left defendant’s ship which was docked at a pier in Bremerhaven, Germany, to go on shore leave. When he returned at approximately 10:00 p.m., railroad cars (presumably spotted earlier for the purpose of loading and unloading cargo) blocked the entrance to the gangway so that the narrow, unlit path between the cars and the water edge of the pier was, in his opinion, “unsafe”. Plaintiff therefore used a route, on the other side of the railroad cars, which, because it was “better” lit, posed “no danger of falling into the water”. In order to reach the gangway, it became necessary for plaintiff to climb between two railroad cars, over a platform which was wet and slippery from rain. Plaintiff fell from the platform, fracturing his left leg in several places.
*38 For the purpose of this motion, the court will consider plaintiff’s version of the accident, contained in his affidavit, as accurate and will view the allegations in a light most favorable to him. (See Weiss v Garfield, 21 AD2d 156, 158.) So construing the plaintiff’s allegations, it can be concluded that there was no safe means of access to the gangway (one route being narrow, unlit and at the water edge of the pier, while the other route necessitated a climb over a slippery loading platform). In addition, the proximity to the ship of these unsafe conditions, and the unlikelihood that they came into existence only immediately prior to the accident may be the basis of an inference of notice to defendant.
Defendant initially contends that the Jones Act decisions which govern this action uniformly hold that a shipowner owes no duty to seamen on shore leave to provide a safe means of access to the ship beyond the pier end of the gangway. However, none of the cases relied on by defendant involved circumstances in which there was no safe means of access to the gangway. On the contrary, those decisions indicate that, under such circumstances, the shipowner’s duty may extend beyond the gangway and impose liability for dangerous conditions of which the defendant had notice.
In Paul v United States (205 F2d 38, 40), the Court of Appeals distinguished that action from a case (Patrick v Atlas Knitting Co., 164 App Div 753) which imposed liability on an employer because “the only means of egress from the employer’s premises was over the railroad tracks [frequently used by] * * * ‘the swiftest trains in the world’ ” (emphasis in original). Here, as in Patrick, the only means of access to the ship was over a hazardous course. (Accepting, of course, plaintiff’s version of the facts.)
In Wheeler v West India S. S. Co. (103 F Supp 631, 634 [SONY, 1951], affd 205 F2d 354 [CA2d], cert den 346 US 889 [1953]), the District Court stated that: “Defendant was not under an absolute duty to provide the plaintiff with a safe means of going ashore and returning to his ship beyond the ship’s gangplank. A duty merely to use due diligence to provide reasonably safe means of egress and access beyond the gangplank would not serve the plaintiff *39 [who was injured by the unforeseeable operation of a locomotive].” In Quam v Mobil Oil Corp. (496 F Supp 986, 989 [SDNY, 1978], affd 599 F2d 42 [CA2d], cert den 444 US 950), the District Court likewise noted that “even if the [shipowner’s] duty * * * extended on to the dock” there was insufficient evidence that the seaman fell from the dock. Thus, in Quam and in Wheeler, the defendants could not have been liable even if their duties extended beyond the gangway.
In Dangovich v Isthmian Lines (218 F Supp 235 [SDNY, 1963], affd 327 F2d 355, 356 [CA2d, 1964]), the Court of Appeals noted that the plaintiff “was apparently aware that at least one other road led away from the dock.” Similarly, in Bates v Prudential-Grace Lines (375 F Supp 774, 776-777, n 7, affd 497 F2d 900, cert den 419 US 1009), the District Court noted that the hold into which the plaintiff had hurriedly stepped “was clearly visible to anyone who was observing the path he was walking”. Thus, the plaintiffs in those cases could have easily avoided their injuries.
Finally, in Cotto v Moore-McCormack Lines (1975 AMC 59, 60 [SDNY, 1970]), the District Court held that absent “any contention that the Defendant had any control or notice of the defective door on the pier, Defendant is not liable”. The rationale that defendant lacked control over areas beyond the gangway is not persuasive here, since defendant may have been able to provide supplemental lighting from the ship.
Since the Jones Act decisions could support a finding that the defendant was negligent, under the circumstances here, and because there are issues of fact respecting the adequacy of the lighting provided and notice to defendant, defendant’s motion for summary judgment must be denied.